444 F.Supp.2d 1342 (2006)
In re McDONALD'S FRENCH FRIES LITIGATION
Kathryn E. Stepkowski V. Mcdonald's Corp., et al., C.D. California, C.A. No. 2:06-1848
David Levy, et al.
v.
McDonald's Corp., S.D. Florida, C.A. No. 0:06-60236
Debra Moffatt
v.
McDonald's Corp., N.D. Illinois, C.A. No. 1:06-1429
Josh Gottwig
v.
McDonald's Corp., N.D. Illinois, C.A. No. 1:06-1722
Alissa Krinsky, et al.
v.
McDonald's Corp., N.D. Illinois, C.A. No. 1:06-2064
Amanda Spaid, et al.
v.
McDonald's Corp., E.D. Tennessee, C.A. No. 3:06-133
No. MDL-1784.
Judicial Panel on Multidistrict Litigation.
August 14, 2006.
Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of three actions pending in the Northern District of *1343 Illinois and one action pending in each of the following districts: the Central District of California, the Southern District of Florida, and the Eastern District of Tennessee.[1] Defendant McDonald's Corp. (McDonald's) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Plaintiffs in the Eastern District of Tennessee action initially opposed centralization. At oral argument before the Panel, however, movant represented that all parties now agree upon Section 1407 centralization in the Northern District of Illinois.
On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning whether McDonald's misled the public regarding the presence of gluten, wheat or dairy derivatives in its french fries. Plaintiffs seek to recover from defendant on various theories, such as negligence, statutory and common law fraud and products liability; five of the six actions bring their claims on behalf of a putative nationwide class of consumers of McDonald's french fries. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.
We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation. The Northern District of Illinois is a likely source of relevant documents and witnesses, inasmuch as McDonald's headquarters is located there. Moreover, given the geographic dispersal of the constituent actions, the Northern District of Illinois offers a relatively geographically central and accessible forum for this litigation.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Elaine E. Bucklo for coordinated or consolidated pretrial proceedings with the actions pending in that district.
NOTES
[*] Judge Miller did not participate in the decision of this matter.
[1] The Panel has been notified of three additional actions pending respectively in the Southern District of Florida, the Eastern District of Louisiana, and the District of Mary land. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).